UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
GILBERTOS DOS ANJOS, JR.                        Chapter 13
            DEBTOR.                             Case No. 12-11553-WCH
_____

GILBERTOS DOS ANJOS, JR.,
            PLAINTIFF,

v.

BANK OF AMERICA, N.A., AS                       Adversary Proceeding
SUCCESSOR BY MERGER TO BAC                      Case No. 12-1081
HOME LOANS SERVICING, LP F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP AND FEDERAL
NATIONAL MORTGAGE ASSOCIATION
A/K/A FANNIE MAE,
            DEFENDANTS.
_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before me is the "Defendants' Motion to Dismiss the Complaint" (the "Motion to Dismiss") filed by Bank of America, N.A. ("BANA"), as successor by merger to BAC Home Loans Servicing, LP f/k/a/ Countrywide Home Loans Servicing, LP, and Federal National Mortgage Association a/k/a Fannie Mae ("Fannie Mae") (collectively, the "Defendants") and the "Opposition to Defendants' Motion to Dismiss" (the "Opposition") filed by Gilbertos Dos Anjos (the "Debtor"). The Defendants move to dismiss this adversary proceeding, though which the Debtor seeks a declaration that a post-petition foreclosure of certain real property violated the automatic stay, on the basis that the foreclosure

1

was excepted from the stay pursuant to 11 U.S.C. § 362(b)(21) due to the Debtor's ineligibility to file the present bankruptcy case. For the reasons set forth below, I will deny the Motion to Dismiss.

## II. BACKGROUND

The facts of this case are undisputed.[1] The present case is the Debtor's third bankruptcy case filed under Chapter 13. On February 3, 2011, the Debtor filed his first bankruptcy petition (the "First Case") *pro se*.[2] The Court dismissed the First Case on February 25, 2011, for failure to comply with the Court's order to update, directing him to file required schedules and documents.[3] On September 21, 2011, the Debtor filed his second bankruptcy petition (the "Second Case") *pro se*,[4] which was subsequently dismissed on October 6, 2011, for failure to comply with an order to update.[5]

On January 31, 2012, BANA's counsel, Harmon Law Offices ("Harmon") notified the Debtor of BANA's intent to foreclose on the mortgage with respect to the Debtor's residence located at 85 Spruce Street, Hyannis, Massachusetts (the "Property").[6] A foreclosure sale was scheduled for February 28, 2012.[7] On February 28, 2012, the Debtor filed his third Chapter 13

---

[1] For purposes of the Motion to Dismiss, the Court must accept as true all allegations contained within the Debtor's Complaint. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Still, while the parties are in agreement over what occurred, they disagree as to the legal import of those events.

[2] Case No. 11-10852, Docket No. 1.

[3] Case No. 11-10852, Docket No. 16.

[4] Case No. 11-18957, Docket No. 1.

[5] Case No. 11-18957, Docket No. 13.

[6] *See* Notice of Mortgage Foreclosure Sale *and* Notice of Intention to Foreclosure Mortgage and of Deficiency After Foreclosure of Mortgage, Debtor's Adversarial Proceeding for Violation of Automatic Stay (the "Complaint"), Case No. 12-01081, Docket No. 1, Exhibit "A".

[7] *See id.*

2

petition with the assistance of counsel, commencing the present case (the "Present Case").[8] That same day, Debtor's counsel faxed to Harmon a letter requesting that Harmon "put over today's public auction scheduled for today at 2:00 p.m. at 85 Spruce Street, Hyannis, Massachusetts," along with a copy of the bankruptcy petition[9] and confirmed that Harmon received the letter via email.[10] At approximately 1:05 p.m., Harmon telephoned Debtor's counsel to confirm that they would be proceeding with the foreclosure sale despite the bankruptcy petition.[11] In response, the Debtor argued that Harmon misinterpreted 11 U.S.C. § 362 and was required to seek leave of the court to foreclose on the Property.[12] Harmon repeated that it would be proceeding with the foreclosure.[13]

Later that day, the Property was sold at a public auction.[14] Subsequently, a notice was placed on the door of the Property that read, "[t]he property was recently sold at a public foreclosure auction," and it identified the foreclosing owner as Fannie Mae.[15] Fannie Mae currently lists the Property for sale on the Internet.[16]

On April 5, 2012, the Debtor commenced the present adversary proceeding seeking that: (1) the Court declare the foreclosure as void on the grounds that the Defendants violated the

---

[8] Complaint ¶ 10.

[9] *Id.* at ¶ 12. For a copy of the letter, see Complaint, Exhibit "B".

[10] *Id.* at ¶ 13.

[11] *Id.* For a copy of the Debtor's counsel's phone record with BANA's counsel, see Complaint, Exhibit "C".

[12] *Id.* at ¶ 14.

[13] *Id.*

[14] *Id.* at ¶ 15.

[15] Important Notice to Tenants, Complaint, Exhibit "D".

[16] Complaint ¶ 17. For a copy of the online listing of the Property, see Complaint, Exhibit "E".

automatic stay under 11 U.S.C. § 362; and (2) the Court award the Debtor punitive damages and attorney's fees based upon BANA's knowing violation of the stay.[17] On June 7, 2012, the Defendants filed the Motion to Dismiss raising the issue of the Debtor's alleged ineligibility for the first time.[18] On July 2, 2012, the Debtor filed the Opposition.[19] On July 11, 2012, the Defendants filed the "Reply Memorandum in Support of Defendants' Motion to Dismiss the Complaint" (the "Reply").[20] On July 19, 2012, the Debtor filed the "Sur Reply Pursuant to Court Order of July 11, 2012" (the "Sur Reply").[21] On July 20, 2012, I held a hearing on the Motion to Dismiss, and after oral argument by both parties, I took the matter under advisement.

### III. POSITIONS OF THE PARTIES

<u>The Defendants</u>

The Defendants argue that the Debtor has failed to state a claim because BANA did not violate the automatic stay when it foreclosed on the Debtor's mortgage.[22] The Defendants argue that "as a legal matter, no automatic stay existed at [the] time" of filing because the Debtor was not an eligible "debtor" under the statute.[23] The Defendants cite to 11 U.S.C. § 362(b)(21)(A) and 11 U.S.C. § 109(g), arguing that an individual is not a "debtor" entitled to the protections of

---

[17] *See* Complaint.

[18] Case No. 12-01081, Docket No. 12.

[19] Case No. 12-01081, Docket No. 20.

[20] Case No. 12-01081, Docket No. 24.

[21] Case No. 12-01081, Docket No. 26.

[22] Motion to Dismiss at 4.

[23] *Id.*

4

an automatic stay if he has had another bankruptcy case pending within the last 180 days and the prior case was dismissed because of the debtor's "willful failure" to comply with court orders.[24]

The Defendants rely on *In re Colon Martinez* for the proposition that the "the First Circuit infers willfulness from a pattern of failure to abide by court orders," and they analogize the present case to the facts in *In re Colon Martinez*.[25] The Defendants believe that where the Debtor has "repeated many of the same errors and deficiencies identified by the Court" in his prior bankruptcy cases, his behavior requires an inference of willfulness under 11 U.S.C. § 109(g).[26] Accordingly, the Defendants urge me to find that the Debtor did not qualify as a "debtor" as a matter of law and did not receive automatic stay protection when he filed the Present Case,[27] entitling BANA to proceed with the scheduled foreclosure sale.[28]

The Debtor

The Debtor argues that the automatic stay takes effect until the Court rules on eligibility.[29] The Debtor asserts that BANA "wants this court to conclude that a creditor can determine on its own if a bankruptcy petition is null and void at the time of filing or ab intitio."[30] To refute this argument, the Debtor emphasizes that 11 U.S.C. § 362(b)(21)(A) is not self-executing, but rather, there must be a preliminary determination that the debtor is ineligible

---

[24] *Id.*

[25] *Id.* (*quoting In re Colon Martinez*, 472 B.R. 137, 146 (B.A.P. 1st Cir. 2012)).

[26] *Id.* at 6.

[27] *Id.*

[28] Reply at 4.

[29] *See* Opposition at 2.

[30] *Id.* at 4.

5

Case 12-01081    Doc 32    Filed 11/05/12    Entered 11/06/12 07:25:19    Desc Main
Document      Page 6 of 12

under 11 U.S.C. § 109(g).[31] The Debtor asserts that this court has rejected the *ab intio* argument[32] and held that eligibility under 11 U.S.C. § 109(g) is not a jurisdictional bar to relief.[33]

The Debtor concedes that ineligibility requires a finding of "willfulness," but he argues that such a finding should not be made absent an evidentiary hearing.[34] The Debtor also explains that while "willful" is not defined in the Bankruptcy Code, it means "deliberate or intentional acts rather than accidental or beyond the debtor's control."[35] The Debtor maintains that it is the Defendants' burden to prove the Debtor is ineligible, and he urges that a dismissal for failure to file schedules should not amount to "*per se* willful misconduct under 11 U.S.C. § 109(g)(1) absent any other evidence."[36] The Debtor analogizes the present case to *In re Lundquist*, in which the court held that a foreclosure sale was invalid because the debtors "had only one case pending within the preceding year, and therefore received the benefit of the automatic stay upon the filing of the [t]hird [b]ankruptcy petition."[37]

Finally, the Debtor contends that BANA cannot "unilaterally vacat[e] the automatic stay absent relief from the court."[38] Thus, the Debtor emphatically concludes that "[w]hat [BANA]

---

[31] Sur Reply at 2.

[32] Opposition at 4 (*citing In re Durham*, 461 B.R. 139 (Bankr. D. Mass. 2011)).

[33] *See id.* (*citing In re Williams*, No. 1-09-44856-dem, 2010 WL 411108, at *2 (Bankr. E.D.N.Y. Jan. 27, 2010).

[34] *Id.* at 5.

[35] *Id.* (*citing In re Pappalardo*, 109 B.R. 622, 625 (Bankr. S.D.N.Y. 1990).

[36] *Id.*

[37] *Id.* at 7-8 (*citing In re Lundquist*, 371 B.R. 183, 190 (Bankr. N.D. Tex. 2007)).

[38] *Id.* at 8.

could not do was implement an 'ends justifies the means approach' to the automatic stay process. [BANA] could not foreclose first and then justify its actions under [11 U.S.C.] § 109(g)(1)."[39]

## IV. DISCUSSION

    A. <u>Standard of Review Under Fed. R. Civ. P. 12(b)(6)</u>

In *Ashcroft v. Iqbal*, the Supreme Court of the United States set forth the current standard for dismissal under Fed. R. Civ. P. 12(b)(6), made applicable in adversary proceedings by Fed. R. Bankr. P. 7012(b):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.[40]

The Supreme Court qualified this proclamation, however, explaining that:

> Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.[41]

---

[39] Opposition at 8.

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-570 (2007)) (citations omitted)*; see also DiVittorio v. HSBC Bank, USA, N.A. (In re DiVittorio)*, 430 B.R. 26, 42 (Bankr. D. Mass. 2010), *subsequently aff'd*, 670 F.3d 273 (1st Cir. 2012).

[41] *Ashcroft v. Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555) (internal quotations omitted).

Along these same lines, "the First Circuit has explained that I need not 'swallow the plaintiff's invective hook, line, and sinker; [and that] bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'"[42]

### B. Applicability of the Automatic Stay

The issue presented by this adversary proceeding is whether the Defendants violated the automatic stay when they foreclosed on the Property post-petition. Generally, 11 U.S.C. § 362 governs the imposition and effects of the automatic stay.[43] The United States Court of Appeals for the First Circuit has summarized the nature of the automatic stay as follows:

> The automatic stay is among the most basic of debtor protections under bankruptcy law. It is intended to give the debtor breathing room by stopping all collection efforts, all harassment, and all foreclosure actions.
>
> The stay springs into being immediately upon the filing of a bankruptcy petition: because the automatic stay is exactly what the name implies—"automatic"—it operates without the necessity for judicial intervention. It remains in force until a federal court either disposes of the case . . . or lifts the stay.[44]

The First Circuit has held that actions taken in violation of the automatic stay are void, which "places the burden of validating the action after the fact squarely on the shoulders of the offending creditor."[45]

Section 362(b) of the Bankruptcy Code, however, excepts certain acts from the automatic stay. In particular, 11 U.S.C. § 362(b)(21) provides that:

---

[42] *In re DiVittorio*, 430 B.R. at 42-43, *subsequently aff'd*, 670 F.3d 273 (1st Cir. 2012) (*quoting Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)).

[43] 11 U.S.C. § 362.

[44] *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 975 (1st Cir. 1997) (internal citations and quotation marks omitted).

[45] *In re Soares*, 107 F.3d at 976 (distinguishing "void" from "voidable," and finding that characterizing violations as void "best harmonizes with the nature of the automatic stay and the important purposes it serves").

> (b) The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay –
>
> * * *
>
> > (21) under subsection (a), of any act to enforce any lien against or security interest in real property –
> >> (A) if the debtor is ineligible under section 109(g) to be a debtor in a case under this title.[46]

Section § 109(g), in turn, provides that:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –
>> (1) the case was dismissed by the court for *willful failure* of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case;[47]

"Although the Bankruptcy Code does not prescribe what constitutes a 'willful failure' to abide by orders of the court, the First Circuit infers willfulness from 'a pattern of failure to abide by court orders.'"[48] Indeed, as recognized by the United States Bankruptcy Appellate Panel for the First Circuit in *In re Colon Martinez*, "[r]epeated conduct strengthens the inference that the conduct was deliberate."[49] Bankruptcy courts agree that the debtor's conduct must have been deliberate and intentional, as opposed to accidental or negligent.[50] Specific conduct that other courts have found amounts to willful failure include, *inter alia*, the debtor's failure to file

---

[46] 11 U.S.C. § 362(b)(21)(A).

[47] 11 U.S.C. § 109(g)(1) (emphasis added).

[48] *In re Colon Martinez*, 472 B.R. at 146 (*quoting Perez v. Fajardo Fed. Sav. Bank*, 116 F.3d 464, No. 96-2116, 1997 WL 330410, at *1 (1st Cir. June, 13, 1997).

[49] *Id.* (*quoting In re Lee*, No. 11-8053, 2012 WL 1324234, at *9-10 (B.A.P. 6th Cir. Apr. 18, 2012)).

[50] *In re Pappalardo*, 109 B.R. at 625-626; *In re Bono*, 70 B.R. 339, 342 (Bankr. E.D.N.Y. 1987); *In re Correa*, 58 B.R. 88, 90 (Bankr. N.D. Ill. 1986); *In re Ellis*, 48 B.R. 178, 179 (Bankr. E.D.N.Y. 1985); *see also In re Fulton*, 52 B.R. 627 (Bankr. D. Utah 1985 (finding the debtor's writing down the wrong date for a meeting of creditors under 11 U.S.C. § 341 was merely negligent and did not rise to the level of willfulness under 11 U.S.C. § 109(g)).

schedules and statements of affairs, make plan payments to the Chapter 13 trustee, or attend the meetings of creditors.[51]

The party moving for dismissal under 11 U.S.C. § 109(g)(1) bears the burden of proving that the debtor willfully failed to comply with a court order or appear before the court.[52] By its plain language, 11 U.S.C. § 109(g)(1) does not impose a timing requirement on *when* the court must make a determination regarding "willfulness." Rather:

> A finding of willfulness may be made at the time of a dismissal. However, it can also be made in a subsequent case when the bankruptcy court is called up to determine if the earlier dismissal renders the debtor ineligible under [11 U.S.C.] § 109(g) to proceed in the subsequent case."[53]

If addressed in a subsequent case, eligibility is theoretically a threshold determination that must be made at the outset of the case.[54] In practice, however, an eligibility determination often occurs later in the case. The eligibility finding is then applied retroactively to any actions allegedly taken in violation of the automatic stay. "Thus, until the court rules on eligibility, the filing of a petition by an individual possibly ineligible under [11 U.S.C.] §109(g) effectively commences a bankruptcy case."[55]

There is no question that upon filing the present petition, the Debtor effectively commenced a bankruptcy case and invoked the protections of the automatic stay. Nevertheless, if the Debtor was ineligible to file this case as the Defendants say, then the foreclosure would

---

[51] *See, e.g.*, *In re King*, 126 B.R. 777, 781 (Bankr. N.D. Ill. 1991).

[52] *In re Pike*, 258 B.R. 876, 882 (Bankr. S.D. Ohio 2001) (*citing In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996)).

[53] *Perez v. Fajardo Fed. Sav. Bank*, 1997 WL 330410, at *1 (1st Cir. 1997) (*citing Montgomery v. Ryan* (*In re Montgomery*), 37 F.3d 413, 415 (8th Cir. 1994); *In re Robinson,* 198 B.R. 1017, 1023 n. 8 (Bankr. N.D. Ga. 1996)).

[54] *In re Durham*, 461 B.R. at 141.

[55] *Id.*

have been excepted from the automatic stay by 11 U.S.C. § 362(b)(21)(A).[56] In support, the Defendants rely substantially upon *In re Colon Martinez* to argue that the Debtor's pattern of conduct resulting in the prior dismissals requires an inference of willfulness.

Nothing in *In re Colon Martinez*, however, *requires* that a court draw an inference of "willfulness from a pattern of failure to abide by court orders."[57] To the contrary, the First Circuit has simply stated that "an inference of willfulness [i]s *justified*" where "[t]here was a pattern of failure to abide by court orders, as well as of failure to prosecute" and the debtor "*did not introduce any evidence on the point*."[58] Indeed, an inference of willfulness is only appropriate to the extent that the record does not compel an alternative conclusion. Therefore, whether the Debtor willfully failed to comply with orders of this Court in his prior cases is a question of fact that requires evidence.

Ultimately, the Defendants are not contesting the plausibility of the allegations of the complaint, but instead are requesting an evidentiary ruling that would, despite those allegations, establish an affirmative defense entitling them to judgment as a matter of law. Such an affirmative defense is not appropriately brought as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and must be denied.

---

[56] Under such circumstances, neither an evidentiary hearing on eligibility nor relief from stay would have been necessary to proceed with the foreclosure. This does not, as the Debtor argues, amount to permitting a creditor to unilaterally annul the automatic stay. A creditor is free to proceed with acts excepted from the stay pursuant to 11 U.S.C. § 362(b) without prior court approval, but is subject to strict liability for any mistakes regarding the applicability of any such exception.

[57] *In re Colon Martinez*, 472 B.R. at 146.

[58] *Perez v. Fajardo Fed. Sav. Bank*, 1997 WL 330410, at *1 (emphasis added).

## V. CONCLUSION

In light of the foregoing, I will enter an order denying the Motion to Dismiss.

                                                                                  _____
                                                                                  William C. Hillman
                                                                                  United States Bankruptcy Judge

Dated: November 5, 2012.


Counsel Appearing:

     Samuel L. Rodriguez, Acton, MA,
          for the Debtor
     Stephen C. Reilly, Sally & Fitch LLP, Boston, MA,
          for the Defendants